The People of the State of New York, Respondent, 
against
Josette Caldone, Appellant.



Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Allen S. Mathers, J.H.O.), entered December 10, 2014. The judgment, after a nonjury trial, imposed a $50 civil liability upon defendant for a red light violation, plus a $30 administrative fee.




ORDERED that the judgment is reversed, without costs, the matter is remitted to the District Court for the entry of a judgment dismissing the action, and the $50 civil liability and $30 administrative fee, if paid, are remitted.
This action was commenced to impose a civil liability upon defendant as the owner of a vehicle which was recorded by a "traffic-control signal photo violation-monitoring" device failing to comply with a traffic-control indicator in violation of Vehicle and Traffic Law § 1111-b (see also Vehicle and Traffic Law § 1111 [d]). It was alleged in the notice of liability that defendant's vehicle had failed to stop at a red light on January 8, 2014.
At a nonjury trial, plaintiff entered into evidence a technician's certificate certifying the alleged violation, that he had inspected the recorded images, and that they are true and accurate copies thereof which he had reviewed. The photographs depicting defendant's vehicle at the time of the incident were annexed to the technician's certificate. In addition, at trial, the video depicting the violation was reviewed by the court.
In the video, defendant's vehicle is observed traveling toward the intersection in question, where there are five traffic lanes: two left-turn lanes, two center lanes and a right-turn lane. In the video, the two left-turn lanes have separate red-arrow light signals, and the two center lanes have separate steady circular green light signals. As defendant's vehicle moved towards the intersection, it was partially situated in a left-turn lane and partially in the adjacent center lane. The vehicle proceeded straight through the intersection, without stopping or making a left turn.
Although defendant's vehicle was partially situated in a left-turn lane that had a steady red arrow, prohibiting a left turn, the steady green circular lights in the center lanes authorized the vehicle's driver to proceed straight through the intersection without stopping (see Vehicle and Traffic Law § 1111 [d] [3]). As defendant's vehicle proceeded straight through the intersection and did not make a left turn, the proof did not establish a failure to comply with any red signal. We do not pass on whether the operator of the vehicle violated any other law.
Accordingly, the judgment is reversed, the matter is remitted to the District Court for the entry of a judgment dismissing the action, and the $50 civil liability and $30 administrative fee, [*2]if paid, are remitted.
Marano, P.J., Tolbert and Brands, JJ., concur.
Decision Date: June 15, 2016